1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| ELENA ARYSHTAEVA, | No. |
|---|---|
| Plaintiff, | (From King Superior Court |
| v. | Case No. 20-2-16586-7 SEA) |
| TOMMY BAHAMA, | **NOTICE OF REMOVAL** |
| Defendants. | **(FEDERAL QUESTION, DIVERSITY)** |
|  | [*CLERK'S ACTION REQUIRED*] |

TO:         The Clerk and the Honorable Judges of the U.S. District Court

              for the Western District of Washington

AND TO:   Elena Aryshtaeva, Plaintiff *Pro Se*

   Pursuant to 28 U.S.C. §§ 1331, 1332, 1367, and 1441, Defendant Tommy Bahama Group, Inc. herein misnamed as Tommy Bahama ("Tommy Bahama Group"), through its undersigned attorneys, hereby removes this action from the Superior Court of Washington for King County to this Court on the alternative grounds of (1) federal question jurisdiction with supplemental jurisdiction over the state law claims, or (2) diversity jurisdiction.  28 U.S.C. §§ 1331, 1332(a)(1), 1367(a), 1441(a), (c).

   The following statement is submitted pursuant to 28 U.S.C. § 1446(a):

NOTICE OF REMOVAL - 1
([NEW USDC CASE #])

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

## FEDERAL QUESTION

1. Plaintiff filed a Complaint against Defendant on November 12, 2020, in King County Superior Court, which the state court designated as Case No. 20-2-16586-7 SEA. On December 21, 2020, Plaintiff served the Summons and Complaint on Tommy Bahama Group, through its Washington state registered agent for service of process, CT Corporation System. Declaration of Barry A. Johnsrud ("Johnsrud Decl.") ¶3.

2. Plaintiff alleges federal claims in her Complaint. Complaint, ¶27 (attached hereto as **Attachment A**). She seeks injunctive relief, punitive damages, as well as punitive damages under federal law, ostensibly Title VII. Complaint, Demands, ¶¶ 2-4. It is unclear whether Plaintiff exhausted administrative remedies as Tommy Bahama Group never received notice of a charge of discrimination.

3. Plaintiff also alleges state claims: discrimination under the Washington Law Against Discrimination (WLAD), chapter 49.60 RCW. Complaint, Claims, ¶¶ 1-2. She bases these claims on the same nucleus of operative facts that support her allegations that Defendant violated federal law. *See id.* This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a).

## DIVERSITY JURISDICTION

4. Defendant is a corporation created and organized under the laws of the State of Delaware. Declaration of Jon Leptich ("Leptich Decl.") ¶5. Defendant's principal place of business is in Georgia from which the corporate officers direct, control, and coordinate the corporations' activities and is the location of Defendant's "nerve center." *Id.*; *see Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). Therefore, Defendant is a citizen of Delaware and Georgia. *See* 28 U.S.C. § 1332(c)(1).

5. Plaintiff is, and was at all times relevant in this action, a citizen and resident in King County, Washington within the meaning of 28 U.S.C. § 1332(a). Complaint ¶3; *see also* Leptich Decl. ¶4. Upon information and belief, Plaintiff is a citizen of Washington. Therefore, complete diversity exists between Plaintiff and Defendant.

NOTICE OF REMOVAL - 2
([NEW USDC CASE #])

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

6. Pursuant to LCR 101(a), Defendant has a reasonably good faith belief that Plaintiff seeks damages in excess of the jurisdictional requirement of $75,000, notwithstanding the fact that the Complaint does not completely specify the dollar amount of damages being sought. A settlement demand in excess of the jurisdictional amount was received by Tommy Bahama Group.

7. In her Complaint, Plaintiff asserts four causes of action: (1) sex discrimination in violation of 42 U.S.C. § 2000e, Title VII of the Civil Rights Act of 1964; (2) national origin discrimination in violation of 42 U.S.C. § 2000e, Title VII of the Civil Rights Act of 1964; (3) sex discrimination in violation of the WLAD; and (4) national origin discrimination in violation of the WLAD. *See* Complaint, ¶27; Claims, ¶¶1-2.

8. Plaintiff's Demand seeks lost wages. Complaint, Demands, ¶1. Plaintiff was employed by Defendant from May 23, 2016 until March 6, 2020. Complaint ¶¶4, 25, and 27. As of March 24, 2019, Plaintiff earned $100,227 per year and benefits, including medical, dental, vision, paid time off, 401(k) with employer match, an employee stock purchase plan, life insurance, and tuition reimbursement. *See* Leptich Decl. ¶4. To date, Plaintiff's potential backpay for approximately ten months of her base yearly salary is calculated to be approximately $83,522.

9. Plaintiff's "Demands" seek pre and post judgment interest. Complaint, Demands, ¶1. Under RCW 19.52.010, prejudgment interest accrues at twelve percent per annum.

10. Plaintiff also seeks $25,000 in compensatory damages. Complaint, Demands, ¶3.

11. Finally, Plaintiff's Demands seek "Punitive Damages in an amount to be determined by a Jury." Complaint, Demands, ¶ 4.

12. Based upon the foregoing and a reasonable reading of Plaintiff's Complaint, the amount in controversy exceeds $75,000.00 when considering Plaintiff's requested damages and her request for compensatory and punitive damages. *See White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (concluding that it was facially apparent that the plaintiff's wrongful termination claim exceeded $75,000 based on list of compensatory and punitive damages).

NOTICE OF REMOVAL - 3
([NEW USDC CASE #])

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

13. This Court therefore has original jurisdiction over this civil action. Based on Plaintiff's Complaint, the amount in controversy (exclusive of interest and cost) exceeds the sum or value of $75,000, and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1).

**TIMELY REMOVAL**

14. This Notice of Removal is being timely filed within 30 days of December 21, 2020, when Defendant accepted service. Therefore, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b)(2)(B).

**VENUE**

15. Pursuant to 28 U.S.C. § 1441(a), this Court is the appropriate venue for removal because it is the federal district court for the district and division where the King County Superior Court case is pending.

**STATE COURT PROCEEDINGS**

16. On November 12, 2020, the state court issued an Order Setting Civil Case Schedule.

17. On January 6, 2021, Defendant's attorneys appeared in the state court action but have not filed any responsive pleadings.

18. No further proceedings have been had in the state court as of the date of this Notice.

**NOTICE TO THE STATE COURT AND TO PLAINTIFF
OF FILING NOTICE OF REMOVAL**

20. Pursuant to 28 U.S.C. § 1446(d), and as affirmed in the attached Declaration of Service, Defendant has served Plaintiff with this Notice of Removal and with the Notice to State Court of Removal to Federal Court. Pursuant to 28 U.S.C. § 1446(d), a copy of the Notice of Removal is being filed with the King County Superior Court, attached to a pleading entitled Notice to State Court of Removal to Federal Court.

NOTICE OF REMOVAL - 4
([NEW USDC CASE #])

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

**STATE COURT RECORDS**

21. Pursuant to 28 U.S.C. § 1446(a) and LCR 101(b)(1), Defendant is attaching a true and correct copy of the Complaint as **Attachment A**. Pursuant to LCR 101(c), a Verification of State Court Records will be filed within 14 days of this Notice of Removal, which will include copies of the original pleadings, as well as copies of all additional records and proceedings appearing in the state court file, under a verification by counsel that these are true and complete copies of all the records and proceedings in the state court proceeding.

22. Defendant reserves the right to amend or supplement the statement of its grounds for removal of this case based upon discovery exchanged between the parties or circumstances that become known during the investigation of the case.

23. Based on the above, Defendant respectfully asks this Court to accept removal of this action on the ground of federal question for the federal claims and supplemental jurisdiction for the state claims. Alternatively, Defendant respectfully asks this Court to accept removal of this action on the ground of diversity jurisdiction.

DATED this 20th day of January, 2021.

Respectfully submitted,

JACKSON LEWIS P.C.

s/ *Barry Johnsrud*
Barry Alan Johnsrud, WSBA #21952
520 Pike Street, Suite 2300
Seattle, WA 98101
Telephone: 206-405-0404
Facsimile: 206-405-4450
Barry.johnsrud@jacksonlewis.com

s/ *Kira J. Johal*
Kira J. Johal, WSBA #53549
520 Pike Street, Suite 2300
Seattle, WA 98101
Telephone: 206-405-0404
Facsimile: 206-405-4450
Kira.johal@jacksonlewis.com

Counsel for Defendant

NOTICE OF REMOVAL - 5
([NEW USDC CASE #])

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404


# DECLARATION OF SERVICE

The undersigned declares under penalty of perjury under the laws of the State of Washington that, on this day, true and accurate copy of the document to which this declaration is affixed was filed electronically with the Clerk of the Court using the CM/ECF System. A true and accurate copy of the document to which this declaration is affixed was also sent via email, and First Class Mail to:

Elena Aryshtaeva
6502 26th Avenue
Seattle, WA 98177
aryshtawa@gmail.com

Plaintiff *Pro Se*

DATED this 20th day of January, 2021.

_____
Nani Vo

4846-9228-5398, v. 5

NOTICE OF REMOVAL - 6
([NEW USDC CASE #])

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404